IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROFESSIONAL SERVICE INDUSTRIES, INC., a Delaware Corporation, | Case No.: 14-CV-6363 |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| DYNAMIC DEVELOPMENT COMPANY, LLC, a California Limited Liability Company, | |
| Defendant. | |

## COMPLAINT FOR BREACH OF CONTRACT AND ACCOUNT STATED

NOW COMES Plaintiff, PROFESSIONAL SERVICE INDUSTRIES, INC. ("PSI"), by and through its attorneys, Segal McCambridge Singer & Mahoney, LLP, and for its Complaint for Breach of Contract and Account Stated against Defendant DYNAMIC DEVELOPMENT COMPANY, LLC ("DYNAMIC"), states as follows:

### PARTIES

1. Plaintiff PSI is a Delaware corporation with its principal offices at 1901 S. Meyers Road, #400, Oakbrook Terrace, Illinois 60181.

2. PSI is a consulting engineering and testing firm that provides integrated services in the areas of geotechnical engineering, construction materials testing and engineering, facilities engineering and consulting, environmental consulting, asbestos management and industrial hygiene. Beginning in 2012, DYNAMIC retained PSI to perform various services that were in fact completed by PSI in 2012 and 2013. DYNAMIC currently owes PSI $78,043.47, plus interest at 18% per annum for these services, which are further described below.

3. Defendant DYNAMIC is upon information and belief, a California Limited Liability Company with its principal place of business at 1725 21st Street, Santa Monica, California 90404.

## JURISDICTION AND VENUE

4. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Because there is diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(c)(1).

5. Venue is this District is proper pursuant to 28 U.S.C. §1391(a) because PSI does business in this jurisdiction and a substantial part of the events giving rise to this claim occurred in this District. The agreements that form the basis for this action were negotiated, in part, in this judicial district.

6. Jurisdiction and venue are appropriate in this judicial district as the Parties have contractually agreed that all claims shall be enforced in accordance with the laws of Illinois and the exclusive venue for all actions relating to the contractual agreements at issue shall be either in the Circuit Court of DuPage, Illinois or the Federal Court for the Northern District of Illinois.

## FACTS

7. During the course of 2012 through November 2013, PSI submitted various proposals for providing Construction Materials Testing and Observation Services to DYNAMIC. The services provided by PSI to DYNAMIC consisted of observing and testing the following areas of construction: (1) soil backfills and testing; (2) concrete inspections and

2

testing; (3) asphalt sampling and testing; (4) epoxy and wedge anchors inspection; (5) masonry inspection and testing; and (6) framing inspections. True and accurate copies of the proposals, work orders and invoices relating to these services provided by PSI to DYNAMIC are attached as **Exhibits A through H**, the details of which are incorporated by reference as if more fully stated herein.

8. The various proposals for providing Construction Materials Testing and Observation Services submitted by PSI to DYNAMIC were at the following locations (hereinafter, collectively referred to as "the Locations"):

(a) Dollar General Project located in El Centro, California (See Exhibit A);
(b) Dollar General Project located in Desert Hot Springs, California (See Exhibit B);
(c) Dollar General Project located at 803 Baseline Street, San Bernardino, California (See Exhibit C);
(d) Dollar General Project located at 6th Street, Imperial, California (See Exhibit D);
(e) Dollar General Project located at 9th Street and Hobson Way in Blythe, California (See Exhibit E);
(f) Dollar General Project located in Indio, California (See Exhibit F);
(g) Dollar General Project located in Lucerne Valley, California (See Exhibit G);
(h) Site investigation on Fern Avenue in Holtville, California (See Exhibit H).

9. DYNAMIC accepted PSI's proposals for work at the subject Locations and authorized PSI to perform the contemplated services at the Locations described in Exhibits A through H.

10. PSI has performed the services described in Exhibits A through H and pursuant to its proposal, invoiced DYNAMIC for the services rendered at agreed upon rates.

11. To date, despite demands for payment, DYNAMIC has failed and refused to pay PSI for services rendered at the Locations in the amount of $78,043.47, plus 18% interest per annum.

3

## COUNT I
### (Breach of Contract)

12. PSI incorporates each of the allegations set forth in paragraphs 1-11 above as if more fully stated herein.

13. PSI invoiced DYNAMIC $78,043.47, plus 18% interest per annum for services rendered pursuant to an agreement between the Parties.

14. The agreement between PSI and DYNAMIC included GENERAL CONDITIONS which DYNAMIC consented and agreed to for all work at the Locations described in Exhibits A through H.

15. The GENERAL CONDITIONS that governed the work completed by PSI at the Locations provided, in relevant part:

> "9. **PAYMENT:** "....[C]lient shall be invoiced once each month for work performed during the preceding period. Client agrees to pay each invoice within thirty (30) days of its receipt. Client further agrees to pay interest on all amounts invoiced and not paid or objected to for valid cause in writing within said thirty (30) day period at the rate of eighteen (18) percent per annum (or the maximum interest rate permitted under applicable law), until paid. Client agrees to pay PSI's cost of collection of all amounts due and unpaid after thirty (30) days, including court costs and reasonable attorney's fees . . ."

16. The balance of the unpaid invoices attached in Exhibits A through H from PSI to DYNAMIC are now more than thirty (30) days past due.

17. The documents contained within Exhibits A through H are valid and enforceable contracts for which full payment for services rendered by PSI are overdue.

4

18. DYNAMIC has breached its contract with PSI and as a result PSI has suffered economic damages and incurred attorney's fees and costs of collection.

WHEREFORE, PROFESSIONAL SERVICE INDUSTRIES, INC. respectfully requests that this Court enter judgment in its favor and against Defendant DYNAMIC DEVELOPMENT COMPANY, LLC in the amount of $78,043.47, plus pre- judgment and post-judgment interest at the contractual rate of 18%, Plaintiff's reasonable attorney's fees, the costs of this action and such other relief, whether in law or in equity, to which Plaintiff PSI might otherwise be entitled.

## COUNT II
### (Account Stated)

19. PSI incorporates each of the allegations set forth in paragraphs 1-18 of Count I as if more fully stated herein.

20. DYNAMIC owes PSI $78,043.47 on account which is past due.

WHEREFORE, PROFESSIONAL SERVICE INDUSTRIES, INC. respectfully requests that this Court enter judgment in its favor and against Defendant DYNAMIC DEVELOPMENT COMPANY, LLC in the amount of $78,043.47, plus pre- judgment and post-judgment interest at the contractual rate of 18%, Plaintiffs reasonable attorney's fees, the costs of this action and such other relief, whether in law or in equity, to which Plaintiff PSI might otherwise be entitled.

Respectfully submitted,

Segal McCambridge Singer & Mahoney, Ltd.

By: s/Kevin M. Bugos
One of the Attorneys for Plaintiff Professional Service Industries, Inc.

Kevin M. Bugos, Esq.
Segal McCambridge Singer & Mahoney
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
Tel: (312) 645-7800
Fax: (312) 645-7711
kbugos@smsm.com