# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PROFESSIONAL SERVICE
INDUSTRIES, INC.,

       Plaintiff,

       v.

DYNAMIC DEVELOPMENT
COMPANY, LLC,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. 14-CV-06363

Judge John J. Tharp, Jr.

## MEMORANDUM OPINION AND ORDER

Plaintiff Professional Services Industries, Inc., ("PSI") and defendant Dynamic Development Company, LLC ("Dynamic") both move this Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend its prior judgment in favor of PSI and against Dynamic for breach of contract. PSI asks the Court to amend its judgment to include additional interest accrued on the amounts owed by Dynamic and reasonable attorney's fees. Dynamic requests that the Court vacate its judgment and dismiss the case for lack of subject matter jurisdiction. Because it is now clear that the amount in controversy in this case is less than the jurisdictional threshold required to vest this Court with subject matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332, the Court grants Dynamic's request, vacates its prior judgment in favor of PSI, and dismisses this case for lack of subject matter jurisdiction.

## BACKGROUND

The relevant facts regarding the parties' dispute are set forth in detail in the Court's Memorandum Opinion and Order on PSI's motion for summary judgment (the "Summary Judgment Opinion"). Dec. 6, 2017 Mem. Op. and Order ("Summ. J. Op."), ECF No. 103. In short, PSI alleged that Dynamic breached its contracts with PSI by failing to pay for the

environmental and geotechnical services that PSI provided to Dynamic. PSI sought damages for the amount owed by Dynamic—$70,049.57—plus 18% interest, and the costs and attorney's fees for collection of the unpaid invoices.

In its Summary Judgment Opinion, the Court found that there was no genuine dispute of fact that PSI entered into contracts with Dynamic and that Dynamic breached the contracts by failing to pay for the services PSI performed. *Id.* at 15-16. The Court ruled that Dynamic owed PSI $70,048.77 for the unpaid services, plus interest, costs, and reasonable attorney's fees. *Id.* In reaching its decision, the Court considered and rejected an argument by Dynamic that the Court lacked subject matter jurisdiction over PSI's claims. *Id.* at 9-15. Dynamic argued that subject matter jurisdiction did not exist because the amount sought by PSI was less than the $75,000 jurisdictional minimum required under 28 U.S.C. § 1332 to establish diversity jurisdiction.[1] In response, PSI argued that the Court's jurisdiction is determined by the amount in controversy alleged in its original complaint, not its subsequent amended complaints.[2] Because its original complaint sought $78,043.47 for unpaid services, PSI asserted that it had met the requirement for

---

[1] Under § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states. 28 U.S.C. § 1332. There is no dispute in this case as to the diversity of the parties. Although the citizenship of the defendant was not set forth adequately in the pleadings (as an LLC, the defendant is a citizen of the domiciles of its members, but the complaint pleads only that the principals are "residents" of California), the Court raised the issue during the initial status hearing in this case on November 20, 2014 and defendant's counsel confirmed that there was diversity jurisdiction based on the domicile of the defendant's members.

[2] PSI filed a complaint and two subsequent amended complaints in this litigation. Compl., ECF No. 1; First Am. Compl., ECF No. 6; Second Am. Compl., ECF No. 55. Its original complaint and its first amended complaint alleged that Dynamic owed PSI $78,043.47 for unpaid services that PSI completed at eight different locations. PSI's second amended complaint, which was filed more than a year after the litigation began, alleged that Dynamic owed PSI $70,049.57 for unpaid services that PSI completed at seven locations. Subsequently, in its motion for summary judgment, PSI argued that the amount owed by Dynamic was $70,048.77 for unpaid services that PSI completed at seven locations.

diversity jurisdiction. According to PSI, the fact that it decreased the amount of damages it sought in a subsequent amended complaint did not destroy diversity jurisdiction.

In its Summary Judgment Opinion, the Court ruled, contrary to PSI's argument, that the jurisdictional amount in controversy is determined by PSI's second amended complaint. Summ. J. Op. 10-11, ECF No. 103. It is generally true that the requirements for diversity jurisdiction need only be satisfied at the time a suit is filed, and subsequent events that decrease the amount in controversy do not destroy jurisdiction. *See Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997). An exception applies, however, when a plaintiff voluntarily amends its complaint as PSI did in this case. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). "When a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Id. See also Cunningham Chart Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) ("if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed") (citing *Rockwell*, 549 U.S. at 473-74). When PSI filed its second amended complaint, alleging a new, and lower, amount of damages, that figure became the relevant benchmark for assessment of the Court's jurisdiction under the diversity statute.

Nevertheless, the Court further held that subject matter jurisdiction existed even though the amount PSI alleged in its second amended complaint was less than $75,000. Summ. J. Op. 12-15, ECF No. 103. In addition to the amount Dynamic owed for unpaid services, PSI also sought attorney's fees pursuant to a provision in its contracts with Dynamic, and a plaintiff is permitted to include in its jurisdictional amount in controversy the attorney's fees that it incurred

before the filing of its lawsuit.[3] *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001); *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011). Neither PSI nor Dynamic addressed the specific amount of pre-suit attorney's fees incurred in the case, but the Court found that it was likely that PSI incurred pre-suit attorney's fees in excess of $4,951.43 based on the pre-filing legal work necessary in the case. Summ. J. Op. 14-15, ECF No. 103. Therefore, the Court could not find to a legal certainty that the amount in controversy did not exceed $75,000. *Id.*

The Court granted PSI's motion for summary judgment and entered judgment in favor of PSI and against Dynamic for $108,452.57, plus the additional amount of interest accrued on the unpaid invoices since the filing of PSI's motion for summary judgment, costs, and PSI's reasonable attorney's fees. *Id.* at 21; Dec. 6, 2017 J. Order, ECF No. 104.

## DISCUSSION

PSI's Rule 59(e) motion requests that the Court amend its judgment in favor of PSI to specifically include $62,910.81 in reasonable attorney's fees and $76,021.12 in interest.[4] Dynamic's Rule 59(e) motion requests that the Court alter its judgment to deny PSI's motion for summary judgment and dismiss the case based on lack of subject matter jurisdiction. Because Dynamic's motion raises a challenge to the Court's jurisdiction, the Court addresses Dynamic's motion first.

---

[3] PSI also sought 18% interest on the unpaid amounts pursuant to its contracts with Dynamic. The Court ruled, however, that the interest could not be included in the jurisdictional amount in controversy. Summ. J. Op. 12-14, ECF No. 103.

[4] In its reply in support of its motion, PSI lowered the amount of interest it seeks from $76,021.12 to $51,814.36 to reflect a simple interest calculation rather than a compound interest calculation. Also, at a hearing held after PSI filed its motion, the Court instructed PSI that it should follow the process established in Local Rule 54.3 for obtaining its attorney's fees.

Dynamic argues that new evidence requires the Court, under Rule 59(e), to alter its ruling on PSI's motion for summary judgment. Specifically, Dynamic asserts that documentation of PSI's pre-suit attorney's fees demonstrates that the jurisdictional amount in controversy in this case is less than $75,000. This evidence was disclosed when PSI filed its Rule 59(e) motion, which included PSI's legal invoices detailing the attorney's fees it incurred as a result of this litigation. *See* Pl.'s Mot. to Amend J., Ex. 4, ECF No. 105-4. The invoices show that PSI incurred only $1,440.50 in pre-suit attorney's fees, significantly less than the amount necessary to reach a total of more than $75,000 in controversy. Because the sum of the pre-suit attorney's fees and the $70,049.57 sought by PSI in its second amended complaint is equal to only $71,490.07, Dynamic argues that subject matter jurisdiction is lacking.

Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the judgment is entered. Fed. R. Civ. P. 59(e). To prevail on a Rule 59(e) motion, "a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). A party seeking relief under Rule 59 by invoking newly discovered evidence, as Dynamic does here, must show that: "(1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." *Id.* Rule 59(e) is not "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

Evidence that could have been discovered with reasonable diligence prior to the Court's judgment is not "newly discovered" for purposes of Rule 59(e). *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence.'"). In support of its motion, Dynamic argues that PSI never produced, as part of its Rule 26(a)(1) disclosures or in response to Dynamic's requests for production, its attorney's fees records prior to the Court's ruling on PSI's motion for summary judgment. But PSI argues that Dynamic never specifically requested this information from PSI during discovery. Dynamic could have used one of the many tools of discovery provided for under the Federal Rules to find out the amount of pre-suit attorney's fees incurred by PSI. The Court finds, therefore, that Dynamic cannot meet the "due diligence" standard for newly discovered evidence under Rule 59(e).

Nevertheless, Dynamic's motion calls into question the Court's subject matter jurisdiction over PSI's claims. Subject matter jurisdiction is "a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000). Federal Rule of Civil Procedure 12(h)(3) mandates that "[i]f the court determines at *any* time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Rule 12(h)(3) codifies "the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise sua sponte the subject matter jurisdiction of the court at any time and at any stage of the proceedings." *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (collecting cases). An entry of judgment does not preclude a court from revisiting the issue of subject matter jurisdiction; "[t]he objection that a federal court

lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (internal citations omitted). *See also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 576 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) (even a party who has previously acknowledged the trial court's jurisdiction may raise an objection to subject matter jurisdiction); *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."). That Dynamic has already raised an objection to subject matter jurisdiction, which was rejected by the Court, also does not preclude the Court from revisiting the issue post-summary judgment. "[E]ven if the defense [of lack of subject matter jurisdiction] is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2018) (citing *Fahnsestock v. Reeder*, 223 F. Supp. 2d 618, 621 (E.D. Pa. 2002) ("Rule 12(b)(1) motions may be filed at any time and repeatedly, if the movants assert new arguments warranting our attention."))

Notwithstanding Dynamic's failure to exercise due diligence, then, the Court must address the question of subject matter anew in light of its obligations under Rule 12(h)(3). *See, e.g., Craig*, 543 F.3d at 876-77 (rejecting plaintiffs' arguments that defendant raising post-judgment subject matter jurisdiction challenge was required to meet a heightened standard under Rule 60(b) before the district court could reconsider whether subject matter jurisdiction existed); *Mak Automation, Inc. v. G.C. Evans Sales & Mfg. Co., Inc.*, No. 4:06CV1579MLM, 2008 WL

821711, at *2-3 (E.D. Mo. Mar. 25, 2008) (holding that the court has an ongoing obligation and broad discretion to consider whether it has subject matter jurisdiction and rejecting plaintiff's argument that defendant's motion for reconsideration regarding subject matter jurisdiction should be denied for failure to meet the requirements of Rules 59(e) or 60(b)). Furthermore, although the Court's obligation to assess its own subject matter jurisdiction does not depend on a proper motion by the party contesting jurisdiction, it is also worth noting that applying the Rule 59(e) standard for newly discovered evidence would be inconsistent with the principle that the party asserting jurisdiction always carries the burden of proof to establish jurisdiction, even on a post-judgment motion. *See Craig*, 543 F.3d at 876. Accordingly, the Court finds that Dynamic's motion is more appropriately considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) than as a motion to alter the judgment pursuant to Rule 59(e).[5] *See Lopez-Garcia v. Deutsche Bank Nat'l Tr. Co. for Argent Secs., Inc.*, No. SA-16-CV-

---

[5] Rule 12(b) states that a motion asserting a 12(b) defense must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). But because of Rule 12(h)(3) and the well-established principle that subject matter jurisdiction may be challenged at any time, *see supra* at 6-7, courts consider 12(b)(1) motions even if they are filed after the time for responsive pleading. *See Casio, Inc. v. S.M. & R.*, 755 F.2d 528, 530 (7th Cir. 1985) (stating that even after the district court had rendered a decision on the merits, defendant was not too late to question the court's jurisdiction with a motion to dismiss); *Hernandez v. Cook Cty. Sheriff's Office*, 76 F. Supp. 3d 739, 742 (N.D. Ill. 2014) (considering and ruling on the merits of defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction filed after defendants' motion for summary judgment was denied); *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, No. 08 CV 3853, 2008 WL 4671748, at *1 (N.D. Ill. Oct. 21, 2008) ("A court may entertain a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) at any time."). *See also Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92-C-0356, 1995 WL 723758, at *5 (N.D. Ill. Dec. 6, 1995) (considering defendant's post-trial motion to dismiss for lack of subject matter jurisdiction even though the timing of the motion was "unseemly and unprofessional" because the defendant was well aware of the potential jurisdictional defect prior to and during trial). Even courts that consider a 12(b)(1) motion to be untimely if filed after a responsive pleading construe the motion as a suggestion that the court lacks jurisdiction and consider the merits of the argument. *See United Airlines, Inc. v. United States*, No. 95 C 304, 1995 WL 758187, at *1 (N.D. Ill. Dec. 18, 1995); 5B Charles Alan Wright

00217-RCL, 2018 WL 814249, at *1 (W.D. Tex. Feb. 8, 2018) (construing Rule 59(e) motion to alter or amend as a Rule 12(b)(1) motion to dismiss or remand for lack of subject matter jurisdiction because the basis for the motion was lack of diversity jurisdiction).

Turning to the merits of Dynamic's jurisdictional challenge, the Court concludes, albeit reluctantly given the posture of the case, that it lacks subject matter jurisdiction over this case. As summarized above and stated in the Court's Summary Judgment Opinion, a plaintiff's pre-suit attorney's fees may be included in the jurisdictional amount in controversy when the fees are provided for in a contractual provision and sought as part of an underlying claim rather than pursuant to a separate post-judgment right to costs or fees incurred in the litigation. *See Hart*, 253 F.3d at 274; *ABM Sec. Servs., Inc.*, 646 F.3d at 479. PSI's legal bills, which it submitted to the Court in connection with its Rule 59(e) motion, show that its pre-suit attorney's fees amount to only $1,440.50.[6] PSI does not contest that this amount is true and accurate; nor does it claim that any other damages, fees, or costs can be added to the amount in controversy to meet the $75,000 jurisdictional threshold. In fact, nowhere in its response does PSI argue that the amount in controversy in this case satisfies the requirements of § 1332. The Court finds that the total amount in controversy at the time this suit was filed, based on the allegations contained in PSI's second amended complaint, is equal to only $71,490.07, which is less than the amount required

---

& Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2018) ("an untimely motion simply will be treated as a suggestion that the court lacks jurisdiction").

[6] The invoices from PSI's counsel show that from August 4 to August 18, 2014, the day on which this case was filed in federal court, an attorney completed 4.8 hours of work on the case at a rate of $245 per hour and a paralegal completed 2.3 hours of work on the case at a rate of $115 per hour. Pl.'s Mot. to Amend J., Ex. 4 at 1-4, ECF No. 105-4. The invoices do not include any fees for legal work prior to August 4, 2014. *Id.*

to establish diversity jurisdiction under § 1332.[7] Accordingly, the Court lacks subject matter

jurisdiction over PSI's claims.

Although the disclosure of PSI's pre-suit attorney's fees comes years after the

commencement of this case, it is not a "subsequent event" that decreases the amount in

controversy without divesting the court of jurisdiction.[8] Jurisdiction must be assessed based upon

the factual reality that existed at the time the complaint was filed. *See State Farm Mut. Auto. Ins.*

*Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996). The Supreme Court noted in *Rockwell* that "the

state of things" at the time an action is brought and "the originally alleged state of things" are not

synonymous. 549 U.S. at 473. For example, "demonstration that the original allegations were

false will defeat jurisdiction." *Id.* Therefore, a distinction must be made between a "subsequent

event" that changes the amount in controversy and a "subsequent revelation" that shows the

required amount was not actually in controversy at the commencement of the action. *Jones v.*

*Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993); *Powell*, 87 F.3d at 97 (citing *Jones*, 2

F.3d at 183). Here, the fact that PSI incurred only $1,440.50 in pre-suit attorney's fees is a

factual reality that existed at the time the complaint was filed. PSI does not argue that the amount

decreased or otherwise changed after the complaint was filed.[9] The amount of PSI's fees,

therefore, is a "subsequent revelation" demonstrating that the true amount in controversy at the

---

[7] As noted above and explained in its Summary Judgment Opinion, the 18% interest that PSI seeks to recover from Dynamic cannot be included in the jurisdictional amount in controversy. Summ. J. Op. 12-14, ECF No. 103.

[8] As the Court laid out in its Summary Judgment Opinion and summarized above, the requirements for diversity jurisdiction need only be satisfied at the time a suit is filed. *Grinnell Mut. Reinsurance Co.*, 121 F.3d at 1116. Subsequent events that reduce the amount in controversy, therefore, do not divest the court of jurisdiction—unless the plaintiff voluntarily amends its complaint and withdraws the allegations that established jurisdiction at the time of filing. *Rockwell*, 549 U.S. at 473-74.

[9] The invoice reflecting the amount of pre-suit attorney's fees incurred by PSI is dated September 22, 2014. Pl.'s Mot. to Amend J., Ex. 4 at 1-4, ECF No. 105-4.

time the complaint was filed was less than $75,000. Unlike a subsequent change, this revelation compels dismissal for lack of jurisdiction. *See Powell*, 87 F.3d at 97 (holding that court lacked subject matter jurisdiction based on subsequent revelation that, at the time the case was filed, the defendant had only two insurance policies instead of three, which decreased the amount in controversy from $100,000 to $50,000); *Jones*, 2 F.3d at 183 (plaintiff's post-judgment discovery that the amount in controversy was less than the required minimum was not the result of a subsequent event and therefore established that subject matter jurisdiction over plaintiff's claims never existed).

PSI argues that Dynamic's motion is an improper "collateral attack" on the Court's previous judgment in favor of PSI. Pl.'s Resp. to Rule 59 Mot. 1, 4-5, ECF No. 110. PSI claims that because the Court decided its motion for summary judgment on the merits after an adversarial presentation, the judgment cannot be collaterally attacked on the ground that the Court lacked subject matter jurisdiction. *Id.* at 4 (citing *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999)). But Dynamic's post-judgment motion is a direct attack, not a collateral attack. *See Direct Attack*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "direct attack" as "an attack on a judgment made in the same proceeding as the one in which the judgment was entered; specif., seeking to have the judgment vacated or reversed or modified by appropriate proceedings in either the trial court or an appellate court" and noting that examples of direct attacks are motions for new trial and appeals). And while it is true that even a ruling on subject matter jurisdiction—which may be challenged at any stage of a proceeding—eventually becomes final and immune from collateral attack, this case has not yet reached that point. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152-54 (2009). Both the Seventh Circuit and the Supreme Court have explained that a court's jurisdictional finding is good against collateral

attack only after the direct appeals process has been exhausted. *See Travelers Indem. Co.*, 557 U.S. at 152-54; *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992). In *Travelers*, the Supreme Court ruled that a subject matter jurisdiction challenge to a bankruptcy court's order could not be made after the appeals process had expired. 557 U.S. 137, 152-54 (2009). It reversed the Second Circuit's ruling that the bankruptcy court lacked jurisdiction to enter the order because the order had already been subjected to appeal on direct review. *Id.* Objections to subject matter jurisdiction, the Court held, could be raised only during direct review of the court's order; once the appeals process had concluded, *res judicata* applied and precluded subsequent challenges to the court's subject matter jurisdiction. *Id.* Similarly, the Seventh Circuit has instructed that although subject-matter jurisdiction is not waivable, even an erroneous jurisdictional finding, if not egregious, cannot be subjected to collateral attack after the appellate process has concluded. *In re Edwards*, 962 F.2d at 644.

Here, Dynamic has not yet exhausted its appellate remedies. Under Federal Rule of Appellate Procedure 4, Dynamic's deadline to file a notice of appeal is not until 30 days after the Court enters an order on the last remaining timely-filed Rule 59 motion. Fed. R. Appellate P. 4(a)(4).[10] Because the appeals process has not yet expired and Dynamic's motion is not a collateral attack, the Court's judgment may be challenged for lack of subject matter jurisdiction.

In its response to Dynamic's motion, PSI also argues that the motion should be denied because Dynamic failed to file a motion to dismiss earlier in this litigation, failed to request discovery on the issue of subject matter jurisdiction, and continued to actively litigate the case despite its concerns regarding subject matter jurisdiction. While these arguments may be relevant to establishing that Dynamic cannot meet the due diligence requirements of Rule 59(e), they do

---

[10] Dynamic's motion was filed on the 28th day after the Court entered its judgment, which is timely under Rule 59.

not allow the Court to ignore a challenge to its subject matter jurisdiction; nor do they permit the Court to exercise jurisdiction where it is lacking. Consequently, as previously noted, the Court will not apply the Rule 59(e) standards to Dynamic's motion. Subject matter jurisdiction objections may be raised at any stage of the litigation and the Court is required to dismiss this case if it determines at any time that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). PSI's claim that Dynamic is too late to challenge the Court's jurisdiction, therefore, has no merit.

The timing of this discovery is regrettable given the amount of time and resources that have been expended on this case by the parties and the Court. Federal courts have acknowledged that jurisdictional rules can result in a significant waste of resources, or even unfairly prejudice litigants. *See, e.g.*, *Henderson ex rel. Henderson*, 562 U.S. at 434-35; *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013); *Sadat*, 615 F.2d at 1189. But these unfavorable consequences cannot serve as an excuse to ignore jurisdictional defects. Efficiency, judicial economy, and finality concerns do not allow a federal court to exercise jurisdiction where it has not been empowered to do so.

\* \* \* \* \*

Because the Court concludes that it lacks subject matter jurisdiction, it must dismiss this case. Fed. R. Civ. P. 12(h)(3). Furthermore, a court must vacate any judgment entered without jurisdiction once it recognizes its lack of jurisdiction. *See Philos Techs, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011) (holding that a court has no discretion to refuse to vacate a judgment once it realizes that it lacks jurisdiction). Accordingly, the Court vacates its December 6, 2017 Memorandum Opinion and Order and Judgment in favor of PSI and judgment will be

entered in favor of Dynamic. These actions are without prejudice to PSI's reassertion of its claims in a court of competent jurisdiction. PSI's motion to amend is denied as moot.

Date: July 12, 2018

John J. Tharp, Jr.
United States District Judge